■ Dorothy D. Camp, Respondent, v. Nickolas D. Camp, Appellant.— In an action for a separation, the appeal is from an order granting leave to serve an amended complaint containing an additional cause of action seeking a judgment declaring a divorce obtained by appellant in the State of Florida to be a nullity and declaring that the parties are husband and wife. Appellant had appeared in the action by service of an answer containing, among other things, a separate defense alleging a Florida divorce obtained by him. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ Charles Goldenhar, Respondent, v. Frederick A. Gustafson, Appellant.— In an action to recover damages for injuries to person (1st cause of action) and to property (2d cause of action), the appeal, as limited by appellant's brief, is from so much of the judgment entered upon the verdict of a jury as awarded respondent $9,500 for personal injuries on his first cause of action. Judgment insofar as appealed from reversed and a new trial granted, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the award for personal injuries from $9,500 to $4,500, in which event the judgment, as so modified, is affirmed, without costs. In our opinion the award on the first cause of action was excessive. Proof of a disability of 10 weeks, with confinement of one week to bed, loss of earnings of $1,360, a hospital bill of $59 and a medical bill of $36, totaling special damages of $1,455, did not justify the verdict of $9,500, particularly when respondent's physician failed to testify that the scars on respondent's face and knees, respondent being a married man, would be permanent. There was also no proof that the stiffness of respondent's knee would permanently incapacitate him or that any of his injuries would result in future loss of earnings. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of James L. Dowsey et al., Respondents, against State Liquor Authority, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority which denied an application for permission to remove a retail liquor package store from one location to another, the appeal is from an order annulling the determination and directing the Authority to approve the application. Order affirmed, with costs. No opinion. Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to reverse the order and to dismiss the proceeding, with the following memorandum: The application was denied upon the ground that the proposed new location was not "part of a modern shopping center, but propinquous thereto" and would violate appellant's general policy against the location of retail liquor stores in the vicinity of modern shopping centers. The Special Term annulled the determination upon the ground that the application of said policy with respect to the proposed new location was improper and unreasonable because, in the judgment of the Special Term, the group of stores in the area constituted a local business district, not a modern shopping center. The court may not substitute its judgment for the judgment of the Authority (*Matter of Glintenkamp* v. *O'Connell*, 296 N. Y. 806).